UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
JOSEPH WILLNER by his next friend MOSHE
   WILLNER, on behalf of himself and all others         12-cv-1955 (RRM) (RER)
   similarly situated,

                 Plaintiff,               FIRST AMENDED
                                  CLASS-ACTION
   - against -                      <u>COMPLAINT</u>

ROBERT DOAR, as Commissioner of the New York
   City Human Resources Administration/Department
   of Social Services, ELDERPLAN, INC., NIRAV R.
   SHAH, M.D., as Commissioner of the New York
   State Department of Health, and ELIZABETH R.
   BERLIN, as  Executive Deputy Commissioner of
   the New York State Office of Temporary and
   Disability Assistance,

                 Defendants.
-----------------------------------------------------------------X

      Plaintiff Joseph Willner by his next friend Moshe Willner, by his attorneys Korsinsky &

Klein, LLP, for his first amended class-action complaint alleges:

      1.   This is a class action for declaratory and injunctive relief brought against officials of

the New York City Human Resources Administration/Department of Social Services

("HRA/DSS"), the New York State Department of Health, and the New York State Office of

Temporary and Disability Assistance ("OTDA"), and against ElderPlan, Inc., which provides

managed long-term care in the City of New York through its HomeFirst entity and, upon infor-

mation and belief, does so as a home care services program, or HCSP, that is administered by

HRA/DSS.

      2.   This action arises from (i) a reduction in Medical Assistance ("Medicaid") benefits

to Joseph Willner prematurely under applicable law and regulations and (ii) a failure to provide

adequate notice to Joseph Willner of that reduction in his Medicaid benefits and thereby falsely

advising Joseph Willner that he had one less day to seek a continuation of Medicaid benefits at their existing level pending a determination on the merits of the reduction than is provided for under applicable laws and regulations. In particular, Medicaid regulations provide that, with exceptions not relevant, "[t]he State or local agency must mail a notice at least 10 days before the date of action", 42 C.F.R. § 431.211, but Joseph Willner received only nine days' notice before his benefits were reduced. In addition, Joseph Willner had the right to obtain Medicaid benefits at the prior rate provided he request such continuation within ten days of the notice but the notice stated that he had one less day (nine) to do so.

3.   The notice that Joseph Willner also received was confusing in that it advised him that as an alternative to requesting a fair hearing he could request an "external appeal" although he could not. The statement that an "external appeal" was available rendered the notice confusing and risked prejudicing Joseph Willner by leading him, incorrectly, to believe that he could request an "external appeal" when he could not and that by doing so and not seeking a fair hearing he could lose his right to request a fair hearing.

4.   Upon information and belief, Defendants have a custom and practice of failing to provide and/or ensure the provision of timely and adequate notice of denials, reductions, or terminations of home health services.

## I.   PARTIES

5.   Plaintiff JOSEPH WILLNER ("Joseph") resides at Scharome Manor, an assisted-living facility located at 631 Foster Avenue, Brooklyn, New York. Moshe Willner ("Moshe") is his son, power-of-attorney, and next friend.

6.   Defendant ROBERT DOAR is the Commissioner of the New York City Human Resources Administration/Department of Social Services ("HRA/DSS"), and by virtue of the

New York Social Services Law has responsibility for HRA/DSS's compliance with applicable laws. This Complaint asserts claims against him solely in his capacity as the Commissioner of HRA/DSS.

7. Defendant ELDERPLAN, INC. is a New York not-for-profit corporation with its headquarters at 6323 Seventh Avenue, Brooklyn, New York 11220.

8. Defendant NIRAV R. SHAH, M.D., is the Commissioner of the Department of Health of the State of New York ("DOH"). This Complaint asserts claims against him solely in his capacity as Commissioner of DOH.

9. Defendant ELIZABETH R. BERLIN is the Executive Deputy Commissioner of the New York State Office of Temporary and Disability Assistance ("OTDA"). There is no Commissioner of OTDA at this time, and the Executive Deputy Commissioner acts in her stead in the absence of a Commissioner. This Complaint asserts claims against her solely in her capacity as the Executive Deputy Commissioner of OTDA.

## II. JURISDICTION AND VENUE

10. Jurisdiction arises under 28 U.S.C. §§ 1331 and 1343(a)(3) because this case arises under the Constitution and laws of the United States without regard to the amount in controversy.

11. Plaintiff's action for declaratory and injunctive relief is authorized by 28 U.S.C. §§ 2201 and 2202 and Rules 57 and 65 of the Federal Rules of Civil Procedure.

12. Plaintiff's claims arise under 42 U.S.C. § 1983, which provides redress for the deprivation under color of law of rights, privileges, and immunities secured to all citizens by the United States Constitution and by acts of Congress.

13. Venue lies in this district pursuant to 28 U.S.C. § 1391(b).

## III.   CONSTITUTIONAL, STATUTORY AND REGULATORY FRAMEWORK

14.   Medicaid, authorized by Title XIX of the Social Security Act, 42 U.S.C. § 1396 *et seq.* (the "Medicaid Act"), is a cooperative federal-state program designed to assist needy individuals and families "whose income and resources are insufficient to meet the costs of necessary medical services". 42 U.S.C. § 1396.

15.   While participation in the Medicaid program is voluntary, those states that elect to participate must comply with all of the requirements imposed by the Medicaid Act and all implementing regulations promulgated by the Secretary of the United State Department of Health and Human Services ("HHS"). *See* 42 U.S.C. § 1396, 1396a, 1396c; 42 C.F.R. Parts 430-456.

### A.   Administration of the Medicaid Program in New York State and New York City

16.   Any state participating in the Medicaid program must adopt an approved State plan and must administer the program through a "single state agency." 42 U.S.C. § 1396a(a)(5); 42 C.F.R. § 431.10(b)(I). New York has elected to participate in the Medicaid program, and the "single state agency" responsible for the administration of the Medicaid program in New York is the New York State Department of Health ("DOH"). N.Y. Soc. Serv. Law § 363-a(I).

17.   Effective October 1, 1996, DOH assumed the responsibility, formerly held by the New York Department of Social Services ("NYDSS"), for administration of New York State's Medicaid program. All regulations of NYDSS with respect to the Medicaid program continued, in full force and effect, as regulations of DOH. N.Y. Soc. Serv. Law § 363-a(I); 1996 N.Y. Session Law, c. 474, § 242.

18.   DOH is authorized to delegate and has delegated certain responsibilities for administering the Medicaid program to local districts. 42 U.S.C. § 1396a(a)(1); N.Y. Soc. Serv. Law § 365(1).

19.   HRA/DSS is the local social services provider for New York City, and is responsible for the day-to-day operations of certain aspects of the Medicaid program, pursuant to a local plan developed and maintained by HRA/DSS under the guidance of DOH. N.Y. Soc. Serv. Law § 61; 18 N.Y.C.R.R. § 501.1. With respect to the administration of the Medicaid program in New York City, HRA/DSS acts as the agent of DOH.

20.   ElderPlan provides managed long-term care ("MLTC") in the City of New York. It does so through HomeFirst as a home-care services program, or HCSP, which is administered by HRA/DSS.

21.   In New York State, MLTC is the subject of section 4403-f of the New York Public Health Law. Pursuant to section 4403-f[7], the provision of MLTC in New York is regulated by regulations promulgated by the DOH.

**B.  The Right to Adequate Notice**

22.   The receipt of Medicaid benefits is a statutory entitlement that is protected by the Fourteenth Amendment to the United States Constitution.

23.   Before Medicaid benefits can be reduced or discontinued, recipients are entitled to receive timely and adequate notice of the intended action. 42 C.F.R. §§ 431.210 and 431.211; 18 N.Y.C.R.R. § 358-3.3(a)(1)(i).

24.   A notice is "timely" if it is mailed at least ten days before the initiation of the intended action. 42 C.F.R. § 431.211; 18 N.Y.C.R.R. § 358-2.23 ("Timely notice means a notice

which is mailed at least 10 days before the date upon which the proposed action is to become effective.").

25.   A notice is "adequate" if it states, *inter alia*, the reasons for the intended action, the specific regulations supporting the action, and an explanation of the recipient's fair hearing rights, including the circumstances under which assistance will be continued unchanged if a fair hearing is requested. 42 C.F.R. § 431.210; 18 N.Y.C.R.R. § 358-2.2.

26.   If a recipient requests a fair hearing within the timely-notice period, i.e., before the intended action takes place, i.e., the "date of action, the agency may not terminate or reduce services until a decision is rendered after the hearing unless . . . the sole issue is one of Federal or State law or policy". 42 C.F.R. § 431.230.

27.   42 C.F.R. § 431.211 provides, "The State or local agency must mail a notice at least 10 days before the date of action". 42 C.F.R. § 431.214 reduces the period to five days "in cases of probable fraud".

**C.  Home Health Services Under Medicaid**

28.   Under the Medicaid Act, states must provide home health services, at a minimum, to any individual who, under the State plan, is entitled to nursing facility services. 42 U.S.C. § 1396a(a)(10)(D).

29.   In New York City, home health services are provided through a variety of different programs that provide different levels and types of services to individual Medicaid recipients based on their particular medical needs.

30.   Most "personal care services" are provided through the Home Care Services Program ("HCSP") and some are provided by Adult Protective Services ("APS"). Both programs

are administered by HRA/DSS. N.Y. Soc. Serv. Law § 62; 18 N.Y.C.R.R. § 505.14. Upon

information and belief, ElderPlan provides such services as part of the HCSP.

31.  Personal care services generally include "hands on" assistance provided to a patient

at her home, including but not limited to "some or total assistance with personal hygiene,

dressing and feeding, nutritional and environmental support functions" and other activities that

require only minimal medical skill. 18 N.Y.C.R.R. § 505.14(a)(1).

32.  HRA/DSS is responsible for arranging for personal-care services, personal home-

care services, and private-duty nursing under certain circumstances for eligible individuals. N.Y.

Soc. Serv. Law § 367-p. HomeFirst is one such service.

33.  Within New York State, DOH and OTDA bear the responsibility that local agencies,

such as HRA/DSS, are in compliance with the requirements of the Medicaid Act.

## IV.    STATEMENT OF FACTS

34.  Plaintiff Joseph Willner ("Joseph") is 89 years old. At all relevant times he has

resided at Scharome Manor, an assisted-living facility located at 631 Foster Avenue, Brooklyn,

New York.

35.  As part of his care at Scharome Manor, Joseph received the full-time care of a live-in

home-health aide. This care was reduced to 13 hours a day in 2011, which was the equivalent of

live-in home-health care. At all relevant times until January 20, 2012, such care was paid for by

Medicaid.

36.  Joseph's physical condition is such that he receives managed long-term care, consist-

ing chiefly of receiving assistance from live-in home-health aides. To obtain such MLTC, Joseph

enrolled with Defendant ElderPlan, which provides MLTC services under the name HomeFirst.

37.   ElderPlan's HomeFirst product is offered throughout New York City. This product is an HCSP administered by HRA/DSS.

38.   On or about December 8, 2011, Joseph was advised that the Medicaid benefits he received would be reduced. Medicaid benefits to Joseph were to be reduced from paying for live-in personal care workers thirteen hours a day to paying for such care for only eight hours a day.

39.   Joseph timely filed an appeal at HomeFirst to this reduction, and his Medicaid benefits continued at the existing level pending a decision on the HomeFirst appeal.

40.   On January 11, 2012, HomeFirst issued a "FINAL ADVERSE DETERMINATION" concerning Joseph which it sent to Moshe and which denied Joseph's appeal.

> The Homefirst Appeals and Grievances Department has reached a decision regarding the reduction of your fathers's [*sic*] [Joseph's] personal care worker hours from 7days x 24hours live-in to 7days x 8hours a day. However, the current service of 7days x 24 hours live-in will remain in place till [*sic*] 01/20/2012. Unfortunately, the determination is that your appeal has been denied at this time. The reason for the denial, as well as your right to a Fair Hearing, is included in the following forms.

41.   The enclosed "Plan Action Taken" form was also dated January 11, 2012. It said that the benefit-reduction would take place on January 20, 2012.

42.   On the reverse of the Plan Action Taken form was the following (bold in original):

> **YOUR HEALTH CARE WILL NOT CHANGE** until the fair hearing ruling is given if you ask for a fair hearing before the effective date of the action and you request that your benefits be continued unchanged. But, if you ask for your benefits to continue unchanged and you lose the fair hearing, **the Managed Long Term Care Organization can make you pay back the cost of any health care you got while you were waiting for the ruling.** If you want your benefits to continue unchanged, check the box below to show that you want your care to stay the same, and send the State a copy of this notice along with your hearing request. If you check the box, your health care benefits will remain unchanged until the fair hearing ruling as long as the original period covered by the authorization has not ended.

43.   The "box" referred to states (bold and italics in original):

*The agency should not take action on my health care, as described on the front of this notice, before my fair hearing decision is issued, or the period covered by the original authorization has ended.*

44. HomeFirst stated that "This action is taken under 42 CFR Part 438".

45. Copies of the foregoing documents are attached as Exhibit "A" hereto.

46. HomeFirst's decision to reduce the benefits received by Joseph and its provision of notice to Joseph of the reduction were state actions for purposes of Joseph's rights.

47. The continuation of benefits pending a fair-hearing appeal to determine whether the reduction or discontinuance of benefits was proper is known as "aid-continuing" and is subject to being clawed-back if the reduction or discontinuance is upheld. Benefits paid before the effective date are not subject to a claw-back.

48. The notice sent by HomeFirst to Joseph concerning the reduction in his care provided was dated nine days before the effective date of such reduction and, upon information and belief, was sent nine days before the effective date.

49. Joseph sought a fair hearing concerning the appropriateness of his aid reduction, but such hearing was requested after the effective date of the reduction, i.e., after January 20, 2012.

50. According to the Plan Action Form sent to Joseph, to get aid-continuing he had to "ask for a fair hearing before the effective date of the action and you request that your benefits be continued unchanged". Because the "effective date" was nine days after the notice date, this notice wrongly said that to obtain aid-continuing Joseph had to ask for a fair hearing within nine days of the notice date when Joseph and members of the class are entitled to ten days to make the fair-hearing request and obtain aid-continuing.

51. The failure of HomeFirst to give Joseph ten-days' notice before his Medicaid benefits were reduced and the false statement to Joseph in the notice that he had only nine days from

9

the date of the notice to request a fair hearing and aid-continuing amount to a deprivation to Joseph of his rights under the U.S. Constitution.

52. Upon request of Joseph's counsel, it was determined that Joseph was to receive aid-continuing, pending the determination of the fair hearing he requested. Such aid-continuing, however, began on March 15, 2012. It did not cover the period from January 21 through March 14, 2012. During this period, Medicaid has only paid for eight hours of daily care. Joseph has continued to receive thirteen-hour care, but he is personally responsible for paying the cost of such care insofar as it exceeds the amount for which Medicaid is providing payment.

53. Although Joseph has received aid-continuing after requesting it from New York State, the deprivation of rights that he has suffered is capable of repetition and of avoiding review by a court so as to allow this Court to exercise subject-matter jurisdiction over his claims.

54. In addition, the FINAL ADVERSE DETERMINATION makes reference to the recipient having the option of filing an "External Appeal" within forty-five days of the notice as an alternative to requesting a fair hearing. In fact, however, in many cases, including Joseph's, such an "External Appeal" is not available. The statement that such an appeal is available as an alternative to a fair hearing is therefore confusing and has the potential of prejudicing the recipient who may decide not to request a fair hearing in the mistaken belief that an "External Appeal" is a meaningful alternative and then learning, after the time to request a fair hearing, that it is not.

## CLASS ALLEGATIONS

55. Plaintiff Joseph Willner by his next friend Moshe Willner brings this action pursuant to Rule 23(b )(2) of the Federal Rules of Civil Procedure, on behalf of himself and as the representative of a class consisting of:

All New York City recipients of Medicaid benefits for home care who have had or will

have had their Medicaid benefits reduced or discontinued but to whom notice of such

reduction or discontinuance was not or will not be sent at least ten days before the reduc-

tion or discontinuance went or goes into effect.

56.   In addition, Plaintiff Joseph Willner by his next friend Moshe Willner brings this

action pursuant to Rule 23(b )(2) of the Federal Rules of Civil Procedure, on behalf of himself

and as the representative of an additional class consisting of:

All New York City recipients of Medicaid benefits for home care who have had or will

have had their Medicaid benefits reduced or discontinued who receive notices advising of

the availability of an "external appeal" as an alternative to a fair hearing.

57.   Upon information and belief, each class is so numerous that joinder of all class

members in this action would be impracticable. Upon information and belief, there are hundreds

of persons in each class. Moreover, it would be impracticable for potential plaintiffs, who are, by

definition, disabled and indigent individuals, to obtain legal services on an individual basis for

their claims. Hence their rights under the law may well be meaningless without the certification

of a class action seeking common redress.

58.   Questions of law and fact common to each class predominate over any individual

questions, including:

(i)    whether Defendants have a custom and practice of failing to provide adequate

notice to recipients of Medicaid reductions or discontinuances;

(ii)   if so, whether Defendants' custom and practice of failing to provide adequate

notice to recipients of Medicaid reductions or discontinuances violates applicable federal

and state statutes and regulations, and the Constitutions of the United States and the State of New York;

(iii)   whether Defendants have a custom and practice of failing to provide adequate notice to recipients of Medicaid reductions or discontinuances;

(iv)   whether Defendants have a custom and practice of providing confusing notices to recipients of Medicaid reductions or discontinuances with respect to the availability of "external appeals" in addition to fair hearings;

(v)   whether Defendants have a custom and practice of reducing or discontinuing Medicaid benefits less than ten days after providing notice to the recipient of such reduction;

(vi)   if so, whether Defendants' custom and practice of reducing or discontinuing Medicaid benefits less than ten days after providing notice to the recipient of such reduction violates applicable federal and state statutes and regulations, and the Constitutions of the United States and the State of New York.

59.   Named Plaintiff Joseph Willner's claims are typical of the claims of each class in that he did not receive timely and adequate notice of the reduction and discontinuance of his Medicaid benefits and his benefits were reduced less than ten days after the notice of such reduction.

60.   Named Plaintiff Joseph, through his next-friend Moshe, will adequately represent the interests of each class. He is a member of each proposed class and there are no conflicts of interest between him and other members of each proposed class in that all proposed class members would benefit by obtaining timely final administrative action and/or timely and adequate notice of reductions or discontinuances of Medicaid benefits.

61.  Plaintiffs are represented by attorneys with broad experience with respect to Medicaid claims and federal class actions.

62.  A class action is the superior method for a fair and efficient adjudication of this matter in that Defendants have acted in a manner generally applicable to each class and a class action will avoid numerous separate actions by class members that would unduly burden the courts and create the possibility of inconsistent decisions, thereby making final injunctive and declaratory relief appropriate as to each class as a whole.

## V.  Basis for Injunctive Relief

63.  Joseph and those similarly situated have a strong likelihood of success. Defendants' use or allowance of the use of inadequate notices of the reduction or discontinuance of Medicaid benefits, their premature discontinuance or reduction of benefits, and their inadequate disclosure of recipients' rights to continue to obtain aid at the existing level pending a fair hearing on the reduction or discontinuance are without legal basis and are improper as detailed herein.

64.  The issuance of a classwide preliminary injunction will enforce binding federal and state constitutional, statutory and regulatory notice and benefit requirements. U.S. Const. Amend. XIV; 42 U.S.C. § 1396a (a)(3) and the regulations promulgated pursuant thereto, including 42 C.F.R. §§ 431.211 and 431.230; N.Y. Const. Art. I §§ 6 and 11 and Art. XVII § 1; New York Social Services Law § 22; 18 N.Y.C.R.R. §§ 358-2.2(a)(8), 358-3.3, 358-3.6, and 358-4.2. For example, both Medicaid and New York State regulations provide that Medicaid recipients receive ten-days' notice before a reduction or discontinuance of Medicaid benefits yet Joseph received only nine-days' notice. Not only is there a substantial likelihood that he will prevail on the merits of this claim but it is virtually certain that he will.

65.  The harm caused to Joseph and those similarly situated by Defendants' policy and practices is great. As the recipients of Medicaid benefits, class members are unlikely to have the resources to make up for the reduction of their benefits in order to keep the level of care they had before the reduction or discontinuance of such benefits.

66.  If on the merits it is determined that a particular class member's benefits were properly reduced or discontinued, Defendants have the right to claw-back the amounts paid in the period between the effective date of the reduction or discontinuance and the date of the fair-hearing determination.

67.  Class members will be injured by the premature reductions or discontinuances of their benefits because of their existing benefits will have been reduced or discontinued. For example, in Joseph's case, his benefits were reduced on January 20, 2011 instead of January 21, 2011, the earliest date on which the reduction could have been effective under applicable regulations given that the notice is dated January 11, 2011.

68.  Even if there is a determination after a fair hearing that the reduction was proper, the permitted claw-back will include one additional day for each day that the reduction or discontinuance of benefits took place prematurely.

69.  Because Joseph and those similarly situated will face irreparable harm in that they will lose care that they are entitled to receive absent this Court's grant of preliminary relief and because they have shown a strong likelihood of success on the merits and a balancing of the equities in their favor, Joseph and the proposed classes qualify for this Court's issuance of a classwide preliminary injunction enjoining Defendants and their successors from failing to comply with existing regulations regarding the timing of notice in relation to the effective date of a reduction or discontinuance of Medicaid benefits and the availability of aid-continuing pending

the post-fair hearing determination on a class member's appeal of such a reduction or discontinuance.

## AS AND FOR A FIRST CLAIM FOR RELIEF

70.  Plaintiff repeats and realleges all of the  allegations set forth in all of the above paragraphs as though fully set forth herein.

71.  By virtue of the foregoing, Defendants have violated and will violate 42 U.S.C. § 1983 in that they in that they have violated and will violate 42 U.S.C. § 1396a(a)(3) and regulations promulgated pursuant thereto, including 42 C.F.R. §§ 431.211 and 431.230 and New York Social Services Law § 22; 18 N.Y.C.R.R. §§ 358-2.2(a)(8), 358-3.3, 358-3.6, and 358-4.2.

## AS AND FOR A SECOND CLAIM FOR RELIEF

72.  Plaintiff repeats and realleges all of the allegations set forth in all of the above paragraphs as though fully set forth herein.

73.  By virtue of the foregoing Defendants have violated and will violate 42 U.S.C. § 1983 in that they violated and will violate the Due Process Clause of the 14th Amendment to the United States Constitution.

## VI.    PRAYER FOR RELIEF

WHEREFORE, Plaintiff Joseph Willner, by his next friend Moshe Willner, for himself and the other members of each Class, prays for:

(i)     The entry of an order pursuant to rule 23(a) and 23(b)(2) of the Federal Rules of Civil Procedure allowing this action to be maintained as a class action on behalf of each proposed class.

(ii)    The entry of preliminary and permanent injunctions, pursuant to 28 U.S.C. § 2202, 42 U.S.C. § 1983, and rule 65 of the Federal Rules of Civil Procedure, enjoining

Defendants and their successors from failing to comply with applicable regulations regarding the timing of notice in relation to the effective date of a reduction or discontinuance of Medicaid benefits and the availability of aid-continuing pending the post-fair hearing determination on a class member's appeal of such a reduction or discontinuance and from stating that "external appeals" are available when they are not; and

(iii)  The entry of a final judgment, pursuant to 28 U.S.C. § 2201 and rules 54 and 57 of the Federal Rules of Civil Procedure, declaring that Defendants' policy and practice:

(1)  deprives Joseph Willner and the other members of each Class of adequate notices of Medicaid benefits being reduced or discontinued thereby violating the due process and equal protection guarantees of U.S. Const. Amend. XIV and N.Y. Const. Art. I §§ 6 and 11, as well as 42 U.S.C. § 1396a(a)(3)  and regulations promulgated pursuant thereto including 42 C.F.R. §§ 431.211 and 431.230 and New York Social Services Law § 22; 18 N.Y.C.R.R. §§ 358-2.2(a)(8), 358-3.3, 358-3.6, and 358-4.2 and.

(2)  deprives Joseph Willner and the other members of each Class of aid-continuing Medicaid coverage pending the outcome of timely-requested fair-hearings, thereby violating the due process and equal protection guarantees of U.S. Const. Amend. XIV and N.Y. Const. Art. I §§ 6 and 11, as well as 42 U.S.C. § 1396a(a)(3) and regulations promulgated pursuant thereto, including 42 C.F.R. §§ 431.211 and 431.230; N.Y. Const. Art. I §§ 6 and 11 and Art. XVII § 1; New York Social Services Law § 22; 18 N.Y.C.R.R. §§ 358-2.2(a)(8), 358-3.3, 358-3.6, and 358-4.2.

(iv)  Awarding reasonable attorney's fees, together with costs and disbursements, pursuant to 42 U.S.C. § 1988;

(v)  Awarding costs and disbursements;

(vi)  Granting such additional and further relief as this Court may deem just and proper.

Dated: Brooklyn, New York
       May 29, 2012

                                        **KORSINSKY & KLEIN, LLP**


                                        By: _____/s/_____
                                              Michael Korsinsky
                                              Joseph Garland
                                        2926 Avenue L
                                        Brooklyn, New York 11210
                                        Phone: 212-495-8133
                                        Fax: 212-419-3893
                                        Email: *mk@kklawfirm.com*
                                        Attorneys for Plaintiff and the Class

Exhibit A



**homefirst**

A product of Elderplan

6323 Seventh Avenue, Brooklyn, NY 11220-4719
Tel: 1-877-771-1119  Fax: (718) 491-7155  www.homefirstny.org

**Medicaid Managed Long Term Care (HMO)**

## FINAL ADVERSE DETERMINATION

January 11, 2012

Moshe Willner
514 East 7ᵗʰ Street
Brooklyn, NY 11218

RE: Joseph Willner                                    Date Received: 12/16/2011

Dear Mr. Willner,

The Homefirst Appeals and Grievances Department has reached a decision regarding the reduction of your fathers's personal care worker hours from 7days x 24hours live in to 7days x 8hours a day. However, the current service of 7days x 24 hours live-in will remain in place till 01/20/2012. Unfortunately, the determination is that your appeal has been denied at this time. The reason for the denial, as well as your right to a Fair Hearing, is included in the following forms:

1.  **Homefirst DENIAL OF BENEFITS** – Request for a Fair Hearing must be filed within 60 days of receipt of this notice.

2.  **STANDARD DESCRIPTION, INSTRUCTIONS & APPLICATION FOR HEALTH CARE CONSUMERS TO REQUEST AN EXTERNAL APPEAL** – This must be filed within 45 days from the date you receive this letter.

If you feel that Homefirst's decision was incorrect you may request both a Fair Hearing and an External Appeal. If both are filed, the State Fair Hearing decision is the one that counts.

If you have any additional questions regarding this issue, or if you need language translation services, please contact Homefirst at (800)630-6572. If you have a hearing impairment please use the TTY line for the hearing impaired at (718) 491-7248 or toll free at (800)630-6572 between the hours of 8:00 a.m. and 8:00 p.m. seven days a week. If you do not agree with this extension, you have the right to contact the Department of Health at (866) 712-7197.

Sincerely,

Vena Moore
Appeals & Grievances Coordinator
Appeals & Grievances Department

**MJHS**

EPHFl1008; 01/31/2011

**Plan Action Taken**
Homefirst Medicaid Managed Long Term Care (HMO)**TERMINATION, REDUCTION, OR
SUSPENSION OF BENEFITS**

| NOTICE DATE: 01/11/12 | | NAME, Homefirst Medicaid Managed Long Term Care (HMO) |
|---|---|---|
| **CASE NUMBER** | **CIN NUMBER:** | |
| **ENROLLEE NAME AND ADDRESS:** | | **ADDRESS AND TELEPHONE OF Plan:** 6323 7th Avenue, Brooklyn, NY 11220 Tel: (800)630-6572 Fax: (718) 921-7962 |
| Joseph Willner 631 Foster Avenue Room 302 Brooklyn, NY 11230 | | |
| | | **GENERAL TELEPHONE NO. FOR QUESTIONS OR HELP** _____ |

This is to inform you that your Managed Care Organization through their appeals process,
on the date of: _____01/11/12_____
has found that the following decision on your benefits is correct:
personal care worker hours
_____
(Benefit)

X     Such benefits will be reduced from _7days x 24hours__to
__7days x 8hours___effective_01/20/2012_

This is because: Your personal care needs are being maintained through a "Shared Aide Plan". Shared Aide
Plan is a method of providing personal care services to members residing in a close proximity to each other.
Your personal care worker will complete all assigned tasks outlined in your Plan of Care. Your plan of care
was also discussed with Scharome Licensed Home Care Agency that will provide you with a schedule of tasks
and times when these tasks will be performed by your Personal Care Aide. Scharome services include
housekeeping, cooking, medication reminders, laundry, and changing linens. The personal care worker will
continue to provide services that include but not limited to grooming, toileting, meal set-up, ambulation
assistance, etc. Your personal care needs can be safely met with the Share Aide Plan.

This action is taken under 42 CFR Part 438. If you think this action is wrong, you may ask for a "State Fair
Hearing." To learn how to do this, please read the back of this sheet that says: "RIGHT TO A FAIR
HEARING."

**Distribution:**

Client/Fair Hearing
Client copy
Managed Care Plan

D2-438 FH Notice NYC Termination/Reduction/Suspension of Benefits

**YOU MUST ASK FOR A FAIR HEARING WITHIN 60 DAYS FROM THE DATE OF THIS NOTICE**

**IF YOU ASK FOR A FAIR HEARING,** the State will send you a notice with the time and place of the hearing. You have a right to bring a person to help you like a lawyer, a friend, a relative or someone else. At the hearing, this person can give the hearing officer something in writing or just tell why the action should not be taken. This person can also ask questions of any other people at the hearing. Also you have the right to bring people to speak in your favor. If you have any papers that will help your case – pay stubs, receipts, health care bills, doctor's letters – bring them with you.

**YOUR HEALTH CARE WILL NOT CHANGE** until the fair hearing ruling is given if you ask for a fair hearing before the effective date of the action and you request that your benefits be continued unchanged. But, if you ask for your benefits to continue unchanged and you lose the fair hearing, **the Managed Long Term Care Organization can make you pay back the cost of any health care you got while you were waiting for the ruling.** If you want your benefits to continue unchanged, check the box below to show that you want your care to stay the same, and send the State a copy of this notice along with your hearing request. If you check the box, your health care benefits will remain unchanged until the fair hearing ruling as long as the original period covered by the authorization has not ended.

☐ *The agency should not take action on my health care, as described on the front of this notice, before my fair hearing decision is issued, or the period covered by the original authorization has ended.*

**IF YOU NEED FREE LEGAL HELP,** you may be able to get such help by calling your local Legal Aid Society or advocate group. To locate a lawyer, check your Yellow Pages under "Lawyers" or call the number on the front of this notice.

**YOU HAVE A RIGHT TO SEE YOUR CASE FILE** to help you get ready for the hearing. If you call or write to us we will give you free copies of other documents from your file, which you may want for your fair hearing. To ask for these documents or to find out how to see your file, call the general Help telephone on the front page or write to us at the address at the top of the front page. You should ask for these documents before the date of your fair hearing. If you want copies of documents from your case file, you should ask for them ahead of time. They will be provided to you within a reasonable time before the date of the hearing. Documents will be mailed to you only if you ask that they be mailed.

**FOR MORE INFORMATION ON YOUR CASE:** If you want to see your file, to find out how to ask for a fair hearing or to find out how to ask for copies of your file, call the number or write to the address on the top of the front page of this notice.

D2-438 FH Notice NYC Termination/Reduction/Suspension of Benefits

## TERMINATION, REDUCTION, OR SUSPENSION OF BENEFITS UNDER MCO

### Homefirst Medicaid Managed Long Term Care (HMO)MCO's Name

**RIGHT TO A FAIR HEARING** : If you believe that the action we have taken is wrong, you can ask for a State fair hearing by phone or by writing.

1. **TELEPHONE:** Statewide Toll Free 1-800-342-3334. Please have this notice with you when you call.

2. **FAX:**   Fax a copy of all the pages of this notice to (518) 473-6735.

3. **WALK-IN:** Bring a copy of all the pages of this notice to the Office of Administrative Hearings, of the Office of Temporary & Disability Assistance, 330 West 34th Street, 3rd floor, New York, N.Y. – or - 14 Boerum Place, 1st floor, Brooklyn, New York.

4. **TO WRITE FOR A FAIR HEARING:** Fill in the space below and send a copy of all pages of this notice to:

   Fair Hearing Section
   NYS Office of Temporary and Disability Assistance
   Fair Hearings
   P.O. Box  22023
   Albany, N.Y.  12201-2023

   **Please keep a copy for yourself.**

5. **OR ONLINE ON THE INTERNET.** Complete the online request form at the following Web page:

   https://www.otda.state.ny.us/oah/oahforms/erequestform.asp


___ **I want a fair hearing:** This action is wrong because _____

_____

Client Signature: _____

Client print name here: _____

Client Address: _____

Phone Number:_____ Case Number: _____ CIN Number : _____

D2-438 FH Notice NYC Termination/Reduction/Suspension of Benefits