```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JOSEPH WILLNER by his next friend MOSHE
WILLNER, on behalf of himself and all others
similarly situated,                                                    MEMORANDUM AND ORDER
                                                                        12-CV-1955 (RRM)(RER)
                        Plaintiff,

    - against -

ROBERT DOAR, as Commissioner of the New York
City Human Resources Administration/Department of
Social Services, ELDERPLAN, INC., NIRAV R.
SHAH, M.D., as Commissioner of the New York State
Department of Health, and ELIZABETH R. BERLIN,
as Executive Deputy Commissioner of the New York
State Office of Temporary and Disability Assistance,

                        Defendants.
------------------------------------------------------------X
```

ROSLYNN R. MAUSKOPF, United States District Judge.

Plaintiff Joseph Willner brought an action, individually and on behalf of all others similarly situated, for declaratory and injunctive relief against officials of the New York City Human Resources Administration/Department of Social Services ("NYC HRA"), New York State Department of Health ("NYS DOH"), and New York State Office of Temporary and Disability Assistance ("NYS OTDA") as well as against ElderPlan, Inc. ("ElderPlan"), a long-term managed care provider, based on allegations that certain notices of reduction in benefits sent by ElderPlan to plaintiff violated: (1) 42 U.S.C. § 1396a(a)(3), and its accompanying regulations 42 C.F.R. §§ 431.211 and 431.230 and N.Y. Soc. Serv. Law § 22; 18 N.Y.C.R.R. §§ 358-2.2(a)(8), 358-3.3, 358-3.6, and 358-4.2, and (2) his due process rights pursuant to the Fourteenth Amendment of the United States Constitution. (Am. Compl. (Doc. No. 6).) Before this Court are fully-briefed motions to dismiss, pursuant to Federal Rules of Civil Procedure

1

12(b)(1) and 12(b)(6), from ElderPlan and the NYS DOH and NYS OTDA.  (*See* Doc. Nos. 32–39.)

In his opposition brief, plaintiff concedes that Robert Doar, as Commissioner of the NYC HRA, and Elizabeth R. Berlin, as Executive Director of the NYS OTDA are improper defendants and agrees to the dismissal of his claims against them.  (Pl. Opp'n (Doc. No. 34) at 1).)  Subsequently, plaintiff filed a notice of voluntary dismissal pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i) to dismiss these two defendants (Notice of Dismissal (Doc. No. 40)), leaving only two defendants in this action, ElderPlan and Nirav R. Shah, M.D., as Commissioner of the NYS DOH.

Plaintiff further concedes in his opposition brief that that his benefits were restored after the fair-hearing process was commenced and "consents to the dismissal of his Second Claim for Relief, which asserts a violation of his due-process rights." (Pl. Opp'n at 1.)  Accordingly, this claim is dismissed.  For the reasons that follow, the Court grants defendants' motions and dismisses as moot plaintiff's remaining claim for declaratory and injunctive relief alleging untimely and inadequate benefit reduction notices.

## BACKGROUND

### I. Factual Background

The following facts, which are considered to be true for purposes of these motions to dismiss, are taken from plaintiff's amended complaint and the exhibit attached to it containing the notices sent by ElderPlan to plaintiff.

Plaintiff is an eighty-nine year old man who resided at Scharome Manor, an assisted-living facility located in Brooklyn, New York.  (Am. Compl. ¶ 34.)  Plaintiff received live-in home-health care, paid for by Medicaid, for thirteen hours per day.  (*Id*. ¶ 35.)  On December 8,

2011, plaintiff was advised that his Medicaid benefits would be reduced from thirteen hours of care per day to eight hours per day. (*Id*. ¶ 38.) Plaintiff appealed this reduction and, on January 11, 2012, ElderPlan sent plaintiff a letter entitled "FINAL ADVERSE DETERMINATION." (*Id*. ¶¶ 39–40, 48, Ex. A.) The letter stated that plaintiff's appeal had been denied and that the "current service . . . will remain in place till 01/20/2012." (*Id*., Ex. A.) The letter further informed plaintiff that: 1) a "[r]equest for a Fair Hearing must be filed within 60 days of receipt of this notice," 2) an external appeal "must be filed within 45 days from the date you receive this letter," 3) if plaintiff requested both a Fair Hearing and an external appeal that "the State Fair Hearing decision is the one that counts," and 4) provided a telephone number should plaintiff "have any additional questions regarding this issue, or if [he] need[ed] language translation services." (*Id*.)

Enclosed with the letter was a "Plan Action Taken" form, also dated January 11, 2012, which stated that plaintiff's benefits would be reduced "effective_01/20/2012." The form also explained the reason for plaintiff's benefit reduction:

> This is because: Your personal care needs are being maintained through a "Shared Aide Plan". Shared Aide Plan is a method of providing personal care services to members residing in a close proximity to each other. Your personal care worker will complete all assigned tasks outlined in your Plan of Care. Your plan of care was also discussed with Scharome Licensed Home Care Agency that will provide you with a schedule of tasks and times when these tasks will be performed by your Personal Care Aide. . . . This action is taken under 42 CRF Part 438. If you think this action is wrong, you may ask for a "State Fair Hearing." To learn how to do this, please read the back of this sheet that says: "RIGHT TO A FAIR HEARING."

(*Id*.) The instructions for a State Fair Hearing informed plaintiff that he "MUST ASK FOR A FAIR HEARING WITHIN 60 DAYS FROM THE DATE OF THIS NOTICE" and that plaintiff's "**HEALTH CARE WILL NOT CHANGE** until the fair hearing ruling is given if

3

you ask for a fair hearing before the effective date of the action and you request that your benefits be continued unchanged." (*Id*.)

Plaintiff's care was reduced from thirteen hours per day to eight hours per day starting on either January 20, 2012 or January 21, 2012. (Am. Compl. ¶¶ 52, 67.)[1]

## II. Procedural History

For purposes of defendant's motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1), the Court will consider the procedural history of plaintiff's fair hearing and motion for class certification, which are outside the pleadings. *See Makarova v. U.S.*, 201 F.3d 110, 113 (2d Cir. 2010) ("In resolving a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), a district court . . . may refer to evidence outside the pleadings.").

### A. Fair Hearing

Plaintiff requested a fair hearing on February 28, 2012. (Decision on Stipulation After Fair Hearing (Doc. No. 38-2) at 2.)[2] On July 20, 2012, a fair hearing was held in New York City before an administrative law judge. (*Id*. at 1.) Prior to the fair hearing, plaintiff and ElderPlan reached an agreement whereby ElderPlan "agreed to withdraw its notices dated November 20, 2011 and January 11, 2012, to take no further action on those notices, and to restore [plaintiff]'s Personal Care Services to live-in 24-hour personal care services." (*Id*. at 2.) Notably, plaintiff "accepted the terms of the [ ] stipulation as a complete resolution of the [plaintiff]'s request for a fair hearing." (*Id*.) Plaintiff, citing to this very same document, concedes that "[he] and ElderPlan agreed to have the various January 11 'notices' withdrawn . . . [and that] as a result of

---

[1] Plaintiff's allegation concerning when his benefits were reduced are not well plead; he claims that the benefits were reduced on January 21, 2012 (Am. Compl. ¶ 52) and on January 20, 2011 (*id*. ¶ 67) (based on the context of this allegation, it is apparent that plaintiff made a typo and meant January 20, 2012). However, this discrepancy need not be addressed because the Court finds that plaintiff's claim is moot.

[2] The parties do not dispute the admissibility or accuracy of this document; indeed, all cite to it in their briefs. (*See* Pl. Opp'n at 3; Shah Br. (Doc. No. 36) at 10; ElderPlan Br. (Doc. No. 33) at 6.)

[the notices being withdrawn] there was no reduction in Plaintiff's benefits." (Pl. Opp'n at 3.) Subsequent to the filing of this action, "circumstances changed regarding Plaintiff's health, and he no longer is enrolled in ElderPlan." (*Id*. at 4.)

### B. Motion to Certify Class

Plaintiff commenced this action on April 20, 2012 (Doc. No. 1) and amended his complaint, as of right, on May 29, 2012. (Doc. No. 6.) At the same time he amended his complaint, plaintiff moved to "Certify Class *and for stay*." (Doc. No. 7.) At the pre-motion conference on January 8, 2013, the Court denied these motions without prejudice for failure to comply with this Court's Individual Rules and found that the motions were premature and without basis.

## LEGAL STANDARD

"A court presented with a motion to dismiss under both Fed. R. Civ. P. 12(b)(1) and 12(b)(6) must decide the 'jurisdictional question first because a disposition of a Rule 12(b)(6) motion is a decision on the merits, and therefore, an exercise of jurisdiction.'" *Schwartz v. York Coll.*, 06-cv-6754, 2009 WL 3259379, at *1 (E.D.N.Y. Mar. 31, 2009); *see also Rhulen Agency, Inc. v. Ala. Ins. Guar. Ass'n,* 896 F.2d 674, 678 (2d Cir. 1990) (noting that a finding of a lack of subject matter jurisdiction makes other claims and defenses moot).

Pursuant to Article III of the Constitution, federal courts have jurisdiction only over "live cases and controversies." *ABC, Inc. v. Stewart*, 360 F.3d 90, 97 (2d Cir. 2004) (citation omitted). "A number of justiciability doctrines govern the contours of this power; pertinent here is mootness, which concerns when and whether a case is 'live.'" *Cnty. of Suffolk v. Sebelius*, 605 F.3d 135, 140 (2d Cir. 2010). A case is moot if "the parties lack a legally cognizable interest in the outcome" of the case. *Fox v. Bd. of Trustees of State Univ. of N.Y.*, 42 F.3d 135, 140 (2d Cir. 1994). Mootness results "when interim relief or events have eradicated the effects of the

5

defendant's act or omission, and there is no reasonable expectation that the alleged violation will recur." *Irish Lesbian and Gay Org. v. Guiliani*, 143 F.3d 638, 647 (2d Cir. 1998). Stated differently, "the case is moot 'if the dispute is no longer embedded in any actual controversy about the plaintiffs' particular legal rights.'" *Already, LLC v. Nike, Inc.*, 133 S. Ct. 721, 727 (2013) (quoting *Alvarez v. Smith*, 558 U.S. 87, 93 (2009)). Mootness is a jurisdictional defect and deprives a court of the authority to adjudicate a case. *Fox*, 42 F.3d at 140. [3]

## DISCUSSION

The defendants move to dismiss plaintiff's amended complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Defendant Shah argues that this Court lacks subject matter jurisdiction because plaintiff has failed to present a live case or controversy, that plaintiff's claims are barred by the Eleventh Amendment to the Constitution, and that the amended complaint fails to state a claim upon which relief can be granted. (*See* Shah Brs. (Doc. Nos. 36, 39).) Defendant ElderPlan also argues that this Court lacks subject matter jurisdiction and that the amended complaint fails to state a claim upon which relief can be granted. (*See* ElderPlan Brs. (Doc. Nos. 33, 37).)

### I. Plaintiff's Remaining Claim Is Moot

There is no longer a live controversy between the parties. The notices that plaintiff complains of were "withdrawn" by ElderPlan and "as a result . . . there was no reduction in Plaintiff's benefits." (Pl. Opp'n at 3–4; Decision on Stipulation After Fair Hearing (Doc. No. 38-2) at 2.)[4] Moreover, plaintiff informs the Court that "circumstances changed regarding

---

[3] Because this Court finds, for the reasons set forth *infra*, that plaintiff's sole remaining claim is moot, the Court will not reach defendants' other arguments concerning Article III standing, sovereign immunity pursuant the Eleventh Amendment, or failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).

[4] "In resolving a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), a district court . . . may refer to evidence outside the pleadings." *Makarova v. U.S.*, 201 F.3d 110, 113 (2d Cir. 2010).

Plaintiff's health, and he no longer is enrolled in ElderPlan." (Pl. Opp'n at 4.) As such, plaintiff no longer has a personal stake in the outcome of this lawsuit and his claim for declaratory and injunctive relief alleging untimely and inadequate benefit reduction notices is moot.

Plaintiff's arguments in opposition are unpersuasive. First, plaintiff maintains that that this case falls within the "limited subset of cases" that are "capable of repetition, yet evade review." (Pl. Opp'n at 7–8.) To invoke this exception, plaintiff "must show that the challenged conduct is 'in its duration too short to be fully litigated prior to cessation or expiration' . . . [and there is] 'a reasonable expectation that the same complaining party [will] be subject to the same action again.'" *Scheiner v. ACT Inc.*, 10-cv-0096, 2013 WL 685445, at *3 (E.D.N.Y. Feb. 24, 2013) (Mauskopf, J.) (citing *Spencer v. Kemna*, 523 U.S. 1, 17 (1998)). In this context, "same action" means that the "'*same parties* are reasonably likely to find themselves again in dispute over the issues raised' in the action." *Id.* (citing *Video Tutorial Servs., Inc. v. MCI Telecomms. Corp.*, 79 F.3d 3, 6 (2d Cir. 1996)). Here, plaintiff has failed to show that his claim alleging untimely and inadequate benefit reduction notices is by nature of such short duration that it is unlikely that any plaintiff could maintain an action challenging them. Indeed, in contrast to the case law plaintiff cites in support of this argument – all of which addresses unlawful delay of administrative hearings that defendants "will almost always be able to process . . . before a plaintiff can obtain relief through litigation," *Robidoux v. Celani*, 987 F.2d 931, 939 (2d Cir. 1993) – plaintiff's claim will not change with the passage of time and is not likely to evade review. Moreover, because plaintiff is no longer enrolled in ElderPlan and has not alleged any possibility of re-enrolling in ElderPlan, there is no reasonable expectation that plaintiff and ElderPlan will find themselves in a dispute over these issues again. Likewise, plaintiff has not alleged, let alone adequately demonstrated, that there is a reasonable expectation that he and

7

defendant Shah will find themselves in a dispute over these issues again. Indeed, plaintiff has not made any allegations concerning whether he is enrolled in another managed long-term care plan, what kind of care he is receiving, and whether defendant Shah has any responsibilities with respect to plaintiff's current care provider. As such, even if this Court were to consider plaintiff's conclusory statement that "Defendants have a custom and practice of failing to provide and/or ensure the provision of timely and adequate notice" of reductions in benefits (Am. Compl. ¶ 4), any inference that plaintiff and defendant Shah will be again subject to the same dispute is pure speculation. *See Van Wie v. Pataki*, 267 F.3d 109, 115 (2d Cir. 2001) (refusing to apply the exception where there was "a mere theoretical possibility that the controversy is capable of repetition"). Thus, plaintiff has failed to demonstrate that his claim evades review and is capable of repetition.[5]

Second, plaintiff argues that "this is a class-action" and that the putative class claims are inherently transitory such that the termination of plaintiff's claim does not moot this action. (Pl. Opp'n at 7.) This exception generally applies to classes already certified under Federal Rule of Civil Procedure 23, when a claim is deemed moot as to the named plaintiff but clearly persists as to the remaining class members. *See Robinson v. Sheet Metal Workers' Nat. Pension Fund, Plan A*, 515 F.3d 93, 97 n. 4 (2d Cir. 2008) ("[T]he mootness of the claims of one of two lead

---

[5] Although plaintiff does not raise the "voluntary cessation" exception to the mootness doctrine, defendant Shah argues that it does not apply in his opening brief (Doc. No. 36 at 16) and in his reply brief (Doc. No. 39 at 9). "The voluntary cessation of challenged conduct does not ordinarily render a case moot because a dismissal for mootness would permit a resumption of the challenged conduct as soon as the case is dismissed." *Knox v. Serv. Emps. Int'l Union, Local 1000*, 132 S.Ct. 2277, 2287 (2012). However, the voluntary cessation of alleged illegal activities will render a case moot "if the defendant can demonstrate that (1) there is no reasonable expectation that the alleged violation will recur and (2) interim relief or events have completely and irrevocably eradicated the effects of the alleged violation." *Tsombanidis v. W. Haven Fire Dep't*, 352 F.3d 565, 574 (2d Cir. 2003) (internal quotations and citations omitted). Clearly, ElderPlan has satisfied these requirements. As plaintiff is no longer enrolled in ElderPlan, there is no reasonable expectation that ElderPlan will send plaintiff an untimely or inadequate notice for reduction of benefits in the future. And plaintiff concedes that through his agreement with ElderPlan "there was no reduction in Plaintiff's benefits." (Pl. Opp'n at 3.) With respect to defendant Shah, this exception is simply inapplicable because defendant Shah and the NYS DOH took no action, and therefore did not voluntarily cease any conduct, regarding ElderPlan's notices and plaintiff's benefits, issued no decision on the merits of plaintiff's dispute with ElderPlan, and took no part in plaintiff's settlement with ElderPlan.

plaintiffs does not moot the class action so long as 'there are questions of law or fact common to the class' and 'the representative parties will fairly and adequately protect the interest of the class.'" (citing Fed. R. Civ. P. 23(a)(2), (4))). This action; however, is not a class action. Plaintiff's motion to "Certify Class and for stay" (Doc. No. 7) was denied on January 8, 2013. Nonetheless, that a class has not been certified does not end the analysis because plaintiff argues that his putative class claims are inherently transitory. (Pl. Opp'n at 7.) In cases where claims are "inherently transitory," courts have held that a class representative's standing will "relate back" to the filing of the complaint. *See Robidoux*, 987 F.2d at 939 (applying the relation back doctrine to claim involving delayed processing of social welfare applications where the class had not yet been certified). Claims are "inherently transitory" where "the trial court will not have enough time to rule on a motion for class certification before the proposed representative's individual interest expires." *Olson v. Wing*, 281 F. Supp. 2d 476, 484 (E.D.N.Y. 2003) (citing *U.S. Parole Comm'n v. Geraghty*, 445 U.S. 388, 399 (1980)). Plaintiff offers no explanation as to how or why his putative class claims alleging untimely and inadequate benefit reduction notices are inherently transitory. Undoubtedly, these claims are not inherently transitory because they will not change with the passage of time and an individual representative's interests will not expire before a trial court has the opportunity to rule on a motion for class certification. Therefore, this exception to the mootness doctrine is inapplicable here.

In addition to his arguments that certain exceptions to the mootness doctrine apply, plaintiff attempts to raise a new claim to save this action. Although plaintiff's sole remaining claim seeks declaratory and injunctive relief, plaintiff argues in his opposition brief that he "suffered injuries as a result of the defective documents" sent by ElderPlan that consist of "emotional distress" and "monetary damage" from "retaining an attorney." (Pl. Opp'n at 6.)

9

These allegations are nowhere to be found in plaintiff's amended complaint. Plaintiff may not amend his complaint through motion papers and the Court will not consider this newly raised claim. *See Wright v. Ernst & Young LLP*, 152 F.3d 169, 178 (2d Cir. 1998) (rejecting a new claim raised for the first time in plaintiff's opposition to a motion to dismiss).

Thus, plaintiff's claim for declaratory and injunctive relief alleging untimely and inadequate benefit reduction notices, which have been withdrawn, is moot.[6] Accordingly, plaintiff's sole remaining claim is dismissed.

## II.  Amendment Is Futile

At the conclusion of his opposition brief, plaintiff requests "leave to amend the First Amended Complaint in order to remedy any defects that the Court identifies with respect to the allegations of that Complaint."[7] (Pl. Opp'n at 11.) "Although Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend 'shall be freely given when justice so requires,' it is within the sound discretion of the district court to grant or deny leave to amend." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007) (citing Fed. R. Civ. P. 15(a)). Under this liberal standard, the Court finds that any attempt to amend the pleading in this case would be futile. Indeed, plaintiff has not indicated any other facts that would provide this Court subject matter jurisdiction, nor offered any "indication of what a second amended complaint would contain . . . and [ ] fail[ed] to identify how additional amendments will cure the deficiencies in

---

[6] As such, the Court need not address defendants' arguments that plaintiff lacks standing and, without subject matter jurisdiction, cannot address the merits of defendants' arguments that plaintiff has failed to state a claim for relief.

[7] In support of his request, plaintiff cites to a single district court case where the court granted leave to amend because "the plaintiffs 'have never had the opportunity to [amend] after being put on notice of the arguments in defendants' motion to dismiss.'" (Pl. Opp'n at 11 (citation omitted).) Ironically, on multiple occasions, months before receiving defendants' motion papers, plaintiff was put on notice regarding defendants' arguments and even responded to them both in the letters requesting a pre-motion conference and at the pre-motion conference itself. Despite numerous opportunities to seek leave to amend, plaintiff chose to rely on the strength of his amended complaint.

the Amended Complaint."[8]  *Purchase Real Estate Group, Inc. v. Jones*, 05-cv-10859, 2010 WL 3377504, at * 14 (S.D.N.Y. Aug. 24, 2010); *see also Rosner v. Star Gas Partners, L.P.*, 344 F. App'x 642, 645 (2d Cir. 2009) (denying leave to amend when the plaintiff "did not submit proposed amendments or otherwise indicate how they would correct any deficiencies in the Complaint").

## CONCLUSION

For the reasons stated above, defendants' motions to dismiss are GRANTED and plaintiff's amended complaint is DISMISSED.  Plaintiff's motion to amend is DENIED.  The Clerk of the Court is directed to enter judgment accordingly and to close the case.

SO ORDERED.

Dated: Brooklyn, New York
　　　　August 5, 2013

*Roslynn R. Mauskopf*
_____
ROSLYNN R. MAUSKOPF
United States District Judge

---

[8] To the extent that plaintiff intends to amend his complaint to allege "emotional distress" and "monetary damage" from having to retain an attorney, those claims necessarily fail because there is no underlying constitutional deprivation here as the challenged notices have been withdrawn and there was no reduction in plaintiff's benefits. *See Patrolmen's Benevolent Ass'n. v. City of New York*, 310 F.3d 43, 55 (2d Cir. 2002) (holding that to show entitlement to damages for emotional distress in 42 U.S.C. § 1983 case, "the plaintiff must establish that [he] suffered an actual injury caused by the deprivation [of constitutional rights]"); *Peterson v. Continental Cas. Co.*, 282 F.3d 112, 119 (2d Cir. 2002) (holding that the "American rule [ ] requires that each party shoulder its own costs in litigation . . . [but that] Courts may reallocate the burdens of litigation [ ] when authorized or directed to do so by a statute"); 42 U.S.C. § 1988(b) ("[T]he court, in its discretion, may allow the prevailing party [enforcing a provision of 42 U.S.C. § 1983], other than the United States, a reasonable attorney's fee as part of the costs . . . ."); *see also Roundtree v. City of New York*, 778 F. Supp. 614, 618 (E.D.N.Y. 1991) (holding that "42 U.S.C. Section 1988 . . . does not [ ] provide a cause of action").